IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

USF HOLLAND LLC,                          )
                                          )
                    Plaintiff,            )
                                          )
    v.                                    )   Case No. 17-2232-JWL
                                          )
WORLDWIDE TRANSPORTATION                  )
SHIPPING CORP.,                           )
                                          )
                    Defendant.            )
                                          )
_____)

# MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 5). For the reasons set forth below, the motion is **denied**.

In this case, plaintiff USF Holland, LLC ("USF") asserts claims against defendant Worldwide Transportation Shipping Corp. ("Worldwide"). USF alleges that in 2014 it entered into a contract with Worldwide that obligates Worldwide to provide certain insurance and indemnity. USF further alleges that Worldwide failed to satisfy those obligations with respect to certain workers' compensation claims asserted against USF. By this suit, USF seeks a declaratory judgment to the effect that Worldwide is obligated to defend and indemnify USF; it seeks specific performance of the alleged contract between the parties; and it asserts a claim for breach of contract. Worldwide removed

the case to this court from state court. By its present motion, Worldwide seeks dismissal of all three claims—all of which depend on the existence of a contract between the parties—on the basis that no such contract has been shown to exist.

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In seeking dismissal at the pleading stage, Worldwide essentially argues that USF has failed to allege sufficient facts to support a plausible inference that Worldwide entered into the alleged contract. USF attached a six-page copy of the alleged contract

2

to its petition, and Worldwide's argument is based solely on that copy. Worldwide argues that the copy demonstrates the lack of a valid contract for the following reasons: (1) the first page states that the agreement is between USF and a corporation called A&A Trucking, a company unrelated to Worldwide; (2) the date "7/25/16" appears at the bottom of each of the first three pages, which contain the terms of the contract; and (3) each of the final three pages contains a signature of Worldwide representative and the date of "6/25/2014". Worldwide argues it cannot have agreed in 2014 to terms in a 2016 document, and that the copy indicates that USF has simply "mashed" part of contract with another company with the pages containing Worldwide's signature. Thus, Worldwide argues that plaintiff has not plausibly alleged that Worldwide agreed to the terms set forth in the copy attached to the petition.

The Court reject this argument for dismissal at this stage. USF has alleged in its petition that when the parties entered the contract in 2014, A&A Trucking was erroneously listed as the contracting party, and that Worldwide nonetheless executed the contract through the signature of its president. There are no other facts to make that explanation implausible. Worldwide makes much of the fact that different dates appear on the bottom of the pages. USF responds that 2016 appears on the first three pages because this copy of those pages was printed on that date. Moreover, Worldwide's argument that it did not agree to the terms contained in the A&A Trucking contract are severely undercut by the fact that one of the pages signed by Worldwide's president, bearing a 2014 date, also refers to the contracting party as A&A Trucking (a fact that

3

neither party addressed). That fact makes plausible USF's allegation of a contract and its explanation about the typographical error.[1] Accordingly, there is no basis for the Court to conclude as a matter of law that no contracted existed between the parties, and the Court therefore denies the motion to dismiss.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss (Doc. # 5 ) is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of July, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Worldwide has not affirmatively asserted that it did not agree to these terms; rather, it has argued that USF's attached copy of the contract does not show the requisite agreement. If Worldwide seeks to pursue this defense that no contract existed, it may seek evidence in discovery relating to that issue.